**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DEBORAH J. WILLIAMS,**

        **Plaintiff,**        **CIVIL ACTION NO. 13-cv-14941**

  **vs.**

                           **DISTRICT JUDGE GEORGE CARAM STEEH**

**COMMISSIONER OF**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

        **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Deborah Williams seeks judicial review of Defendant the Commissioner of Society Security's determination that she is not entitled to Social Security benefits for her physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 11) and Defendant's Motion for Summary Judgment (docket no. 14). The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 2.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

**I.      RECOMMENDATION:**

The Court recommends that Plaintiff's Motion for Summary Judgment (docket no. 11) be GRANTED and that Defendant's Motion for Summary Judgment (docket no. 14) be DENIED. This matter should be remanded so that the ALJ can properly apply the treating-physician rule to the opinions of Dr. Nitin Rahjans.

## II. PROCEDURAL HISTORY:

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income benefits with protective filing dates of December 30, 2010, alleging that she had been disabled since July 1, 2007, due to obesity, arthritis, back pain, diabetes, hypertension, depression, anxiety, hypothryoidism, and substance abuse disorder. (*See* TR 14, 17.) Plaintiff has since amended her alleged onset date to June 18, 2010. (*See* TR 14.) The Social Security Administration denied benefits. (*See* TR 14.) Plaintiff requested a *de novo* hearing, which was held on April 26, 2012, before Administrative Law Judge (ALJ) Gregory Holiday, who subsequently found that Plaintiff was not entitled to benefits because she was capable of performing a significant number of jobs in the national economy. (TR 14-29.) The Appeals Council declined to review the ALJ's decision, and Plaintiff commenced this action for judicial review. The parties then filed their instant Motions.

## III. PLAINTIFF'S TESTIMONY, MEDICAL EVIDENCE, AND VOCATIONAL EXPERT TESTIMONY

### A. Plaintiff's Testimony and Medical Record

Plaintiff (docket no. 11 at 2-8) and the ALJ (TR 19-28) each set out a detail factual recitation with regard to Plaintiff's medical record and hearing testimony. Defendant adopts the ALJ's factual account. (*See* docket no. 14 at 6.) There are no material inconsistencies between Plaintiff's factual background and the ALJ's recitation of the record; therefore, the undersigned will incorporate these factual recitations by reference. Nevertheless, the undersigned has conducted an independent review of Plaintiff's medical record and the hearing transcript and will include comments and citations as necessary throughout this Report and Recommendation.

### B. The Vocational Expert

Although the ALJ relied on the testimony of the VE in reaching his conclusion that Plaintiff was "not disabled," for the reasons discussed below, the VE's testimony is not relevant with regard to the Motions currently pending before the Court.

## IV. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2012; that she had not engaged in substantial gainful activity since June 18, 2010, the amended date of her alleged onset; and that she suffered from severe obesity, substance abuse disorder (alcohol + cocaine), arthritis, low back pain radiating to her legs, diabetes mellitus (DM), essential hypertension (HTN), major depressive disorder (MDD), panic disorder and hypothyroidism. (TR 17.) The ALJ further found that Plaintiff suffered from the non-severe impairments of hypercholesterolemia and mild tobacco use disorder. (TR 17.) The ALJ then found that her impairments did not meet or equal those listed in the Listing of Impairments. (TR 17-19.) The ALJ found, however, that Plaintiff's allegations regarding the extent of her symptoms were not wholly credible and that Plaintiff could perform light work with the following additional limitations:

> [Plaintiff] requires a sit/stand option, can only occasionally operate foot controls, can only occasionally climb ladders, ramps and stairs, cannot climb any ropes or scaffolds, can only occasionally stoop or crawl, must avoid even moderate exposure to hazards like dangerous machinery and unprotected heights, must have work limited to simple, routine tasks, must be employed in a low-stress job defined as requiring no more than occasional decision-making with no more than occasional changes in the work setting, must have work that is not at a production rate or production pace, should have no more than brief, superficial interaction with the public and with coworkers, should have no more than occasional supervision, and must have the opportunity to be off-task less than 20% of the work day.

(TR 19-28.) The ALJ then determined, in reliance on the VE's testimony, that Plaintiff was capable of performing work as a general office clerk, an inspector, or a visual inspector, which amounted to a substantial number of jobs in the national economy. (TR 29.) Therefore, the ALJ found that

Plaintiff was not disabled under the Social Security Act from June 18, 2010, through the date of her decision.  (TR 29-30.)

## V.     LAW AND ANALYSIS

### A.     Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions.  Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528.  It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility.  *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.  *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

B.     **Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)     Plaintiff was not presently engaged in substantial gainful employment; and

(2)     Plaintiff suffered from a severe impairment; and

(3)     the impairment met or was medically equal to a "listed impairment;" or

(4)     Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

C.     **Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material

evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174). Plaintiff argues that this matter should be remanded because the ALJ failed to properly apply the treating-physician rule to the opinion of Dr. Nitin Rajhans, Plaintiff's treating psychiatrist. (Docket no. 11 at 9-14.) The undersigned agrees.

The ALJ must give a treating physician's opinion complete deference if it is supported by clinical and laboratory diagnostic evidence and it is not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2). But it is equally well settled that the ultimate issue of disability is reserved to the Commissioner and not the treating or examining physician. *Kidd v. Comm'r*, 283 Fed. Appx. 336, 341 (6th Cir. 2008). Thus, when a medical or non-medical source offers an opinion on "an issue reserved to the Commissioner, such as whether the claimant is disabled, the ALJ need not accord that opinion controlling weight." *Id.* (citing *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007)). The opinion of an examining source is generally accorded more weight than is the opinion of a source who did not examine the claimant. 20 C.F.R. § 404.1527(c)(1). The opinion of a state agency medical or psychological consultant is reviewed in the same manner as is the opinion of a nonexamining physician or psychologist. 20 C.F.R. §404.1527(e).

Additionally, the Commissioner requires its ALJs to "always give good reasons in [their]

notice of determination or decision for the weight [they] give [a] treating source's opinion." 20 C.F.R. § 404.1527(c)(2). Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson v. Comm'r*, 378 F.3d 541, 544 (6th Cir. 2004) (citing Social Security Ruling (SSR) 96-2p, 1996 WL 374188, at \*5 (1996)). If the opinion of a treating source is not afforded controlling weight, an ALJ must apply certain factors in determining what weight to give the opinion, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source. *Wilson*, 378 F.3d at 544 (citation omitted). Even then, a finding that a treating-source medical opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to controlling weight, not that the opinion should be rejected. Social Security Ruling (SSR) 96-2p, 1996 WL 374188, at \*4. Notably, though, "it is not the Court's job to conduct a *de novo* review of the evidence or to rubber stamp the ALJ's decision. The Court must ensure both that the ALJ applied the correct legal standard and that his decision is supported by substantial evidence. *See Christephore v. Commissioner of Social Sec.*, No. 11-13547, 2012 WL 2274328, \*6 (E.D. Mich. June 18, 2012) (Roberts, J.)

Nevertheless, the Sixth Circuit has upheld the decision of an ALJ which gave less than controlling weight to a treating physician without specifically analyzing the factors set forth in 20 C.F.R. § 404.1527(c) where the ALJ provided "good reason" for the decision. *See Infantado v. Astrue*, 263 Fed.Appx. 469, 473-74 (6th Cir. 2008). There is no per se rule that requires an articulation of each of the six regulatory factors listed in 20 C.F.R. § 404.1527(c)(2)-(6). *Norris v.*

7

*Comm'r*, No. 11-11974, 2012 WL 3584664, at *5 (E.D. Mich. Aug. 20, 2012) (citing *Tilley v. Comm'r*, 394 Fed. Appx. 216, 222 (6th Cir. 2010)). Moreover, an ALJ's failure to discuss the factors of § 1527(c)(2)-(6) may constitute harmless error (1) if "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it;" (2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion;" or (3) "where the Commissioner has met the goal of [Section 1527(c)]—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation." *Nelson v. Comm'r*, 195 Fed. Appx. 462, 470 (6th Cir. 2006) (citing *Wilson v. Comm'r*, 378 F.3d 541, 547 (6th Cir. 2004)).

The ALJ addressed Dr. Rajhans's reports and opinions at several times throughout his decision. First, the ALJ discussed the records from North Central Heath Care in general, noting Plaintiff's GAF scores in November 2009, a failure to attend several appointments in 2010, a noncompliance in treatment in July 2010, and visits with Dr. Rajhans on September 10, 2010, December 9, 2010, January 6, 2011, and February 3, 2011, setting forth Plaintiff's complaints at those visits. (TR 21-22.) The ALJ acknowledged that Plaintiff was diagnosed with major depressive disorder, recurrent, severe without psychotic features; and panic disorder, without agoraphobia. (TR 22.) The ALJ then discussed Dr. Rajhans's mental RFC assessment, dated November 11, 2010:

> [Dr. Rajhans stated that] Claimant has moderate limitations in her ability to understand and remember one or two-step instructions, in her ability to maintain attention and concentration for extended periods, and in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. The [ALJ] notes that the claimant's treating source did not find that the claimant had any marked limitations in rendering her opinion.

(TR 22.) After discussing several other medical opinions, the ALJ returns to discuss a second

mental RFC assessment by Dr. Rajhans, dated September 15, 2011:

> [Dr. Rajhans's report] document[s] the Claimant's diagnoses of (1) major depressive disorder, recurrent, severe without psychotic features, and (2) panic disorder without agoraphobia. The report states the Claimant experiences depression with spontaneous and unexplained crying. The report states the Claimant has numerous marked limitations, including in her ability to maintain attention and concentration for extended periods and in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. However, the report also stated that the claimant was able to attend to all of her Activities of Daily Living.

(TR 25.)

Plaintiff draws the Court's attention to Dr. Rajhans's opinion that she would have problems with punctuality and with accepting instruction and responding to criticism from her supervisors. Plaintiff asserts that the ALJ did not account for these limitations in her RFC, and while he was not necessarily required to do so, his failure to provide good reason for this decision is reversible error. Moreover, Plaintiff contends, the ALJ's failure to set forth the weight he afforded to Dr. Rahjans's opinions provides the Court with no basis for meaningful review. (Docket no. 11 at 12-14.)

Defendant asserts that the ALJ reasonably found that Dr. Rajhans's opinions were not entitled to controlling weight because the opinions were internally inconsistent and because the opinions were based, in part, on inconsistent statements that Plaintiff made to another examining source. (Docket no. 14 at 10.) Moreover, Defendant argues, the ALJ considered the regulatory factors throughout his 10-page analysis of Plaintiff's RFC. (*Id.* at 11.)

The undersigned acknowledges the length and detail of the ALJ's decision but finds Defendant's argument unpersuasive because, most notably, while Defendant asserts that the ALJ "reasonably found that Dr. Rajhans's opinions were not entitled to controlling weight," the ALJ has provided the Court with no basis to determine the weight he gave to Dr. Rajhans's opinions.

9

Defendant is correct that the ALJ points to Dr. Rahjans's opinion that Plaintiff could perform her activities of daily living as an inconsistency within the report itself, but the ALJ does not state that this is his basis for discounting the opinion.  Moreover, while the ALJ does discuss the regulatory factors throughout his decision, all of those factors weigh in favor of Plaintiff's position with the exception of the one noted internal inconsistency.  This one inconsistency does not amount to substantial evidence.

Moreover, the undersigned notes that with regard to all of the other medical opinions of record, the ALJ specifically set forth the weight he gave to those opinions and the specific reasons for that weight:

> The undersigned assigns greater weight to the opinion of Dr. Wiertzykowski, than that of Dr. Birk as later discussed.  Not only did the claimant have a significantly greater longitudinal history with Dr. Wiertzykowski than the three visits she had with Dr. Birk, but also Dr. Wiertzykowski's medical opinion is consistent with the medical evidence as a whole.

(TR 22.)

> The non-treating source is given some weight for evidence of the severity of the claimant's impairment.  The non-treating source cannot establish that the claimant was not functional in a work setting and that he was no longer able to participate in a full 8-hour day.  Moreover, the non-treating source examined the claimant white (sic) she was in rehabilitation from her drug addition.  Since there is no evidence to suggest that the non-treating source is an expert in vocational matters, the undersigned relied on the opinions of the vocational expert regarding the question of what jobs exist which a person with the claimant's impairments can perform

(TR 24.)

> Dr. Bedia is not a treating medical source and his opinion is not entitled to controlling weight.  However, Dr. Bedia's opinion is well supported by objective diagnostic testing, his trained observations, an impartial analysis of the evidence of record, and a well-reasoned conclusion. . . . Moreover, Dr. Bedia included his test results after conducting objectively verifiable range of motion testing.  Therefore, Dr. Bedia's opinion has been given substantial weight.

(TR 24.)

> The physical RFC report prepared by Dr. Birk is of limited use in determining the severity of the claimant's physical impairments. . . . Dr. Birk failed to include any evidence of objective range of motion testing. Dr. Birk based his entire medical opinion of the claimant's work related to physical ability on three visits. . . . The claimant lacks a longitudinal history of treatment with Dr. Birk.

(TR 25.) Ultimately, the ALJ even balanced all of the medical opinions, with the exception of Dr. Rajhans's opinion:

> . . . . For these reasons, Dr. Birk's opinion is given less weight than the State agency Physical [RFC] Assessment, or the opinion of Drs. Bedia and Wiertzykowski.

(TR 26.)

The undersigned acknowledges that Dr's Birk, Bedia, and Wiertzykowski provided physical RFC assessments while Dr Rajhans and the state examining psychiatrist provided mental RFC assessments; thus, it would be inappropriate for the ALJ to have compare all five opinions. Nevertheless, the ALJ's clear articulation of the weight he gave to all of the physicians of record with the exception of Dr. Rajhans is striking. Additionally, even assuming Defendant is correct that the ALJ gave less than controlling weight to Dr. Rajhans's opinion, Defendant's post-hoc rationale for this decision is irrelevant. *See Christephore v. Commissioner of Social Sec.*, No. 11-13547, 2012 WL 2274328, *6 (E.D. Mich. June 18, 2012) (Roberts, J.) ("[I]t is not the Court's job to conduct a *de novo* review of the evidence or to rubber stamp the ALJ's decision. The Court must ensure both that the ALJ applied the correct legal standard and that his decision is supported by substantial evidence. Moreover, it is the ALJ's rationale that is under review, not defense counsel's."). Therefore, the Court recommends granting Plaintiff's Motion.

## VI.    CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Summary Judgment (docket no. 11) should be GRANTED and Defendant's Motion for Summary Judgment (docket no. 14) should be

DENIED. This matter should be remanded so that the ALJ can properly apply the treating-physician rule to the opinions of Dr. Nitin Rahjans.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: February 27, 2015     s/ Mona K. Majzoub
                                                MONA K. MAJZOUB
                                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: February 27, 2015    s/ Lisa C. Bartlett
                            Case Manager